UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRENCE T. HENRY ET AL.  CIVIL ACTION

VERSUS  No.: 20-2628

PHILLIP CLARKSON ET AL.  SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiffs, Terrence Henry and Tiffany Robinson, and an opposition thereto filed by Indian Harbor Insurance Company (Rec. Doc. 8). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Plaintiffs' motion to remand should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises out of a vehicular collision between Defendant "Doe," a Lyft driver whose full name and whereabouts are unknown, and Phillip Clarkson. Plaintiffs are Pennsylvania citizens, who were passengers in Defendant Doe's vehicle at the time of the accident. On July 20, 2020, Plaintiffs commenced this action in the Civil District Court for the Parish of Orleans and named Phillip Clarkson, State Farm Mutual Automobile Insurance Company ("State Farm"), Indian Harbor Insurance Company ("Indian Harbor"), Geico Secure Insurance Company ("Geico"), and Defendant Doe as defendants. On September 28, 2020, Indian Harbor removed this case to the Eastern District of Louisiana before Defendant Doe was served. In

response, Plaintiffs filed the instant motion to remand, arguing that removal was improper under the forum defendant rule because Defendant Doe is a citizen of Louisiana.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party seeking to invoke federal jurisdiction bears the burden of showing jurisdiction exists. *Mumfrey*, 719 F.3d at 397. Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## DISCUSSION

Plaintiffs oppose Indian Harbor's removal on the grounds that Defendant Doe is a citizen of Louisiana. However, when considering whether removal was proper, "the citizenship of defendants sued under fictitious names shall be disregarded." § 1441(b)(1). Thus, Defendant Doe's citizenship is irrelevant to whether removal was proper because his identity is unknown.

Plaintiffs also argue that this Court's jurisdiction will be defeated under the forum defendant rule once Defendant Doe's identity is known and he is properly served. The forum defendant rule prohibits the removal of a case to federal court when a "properly joined and served" defendant is a citizen of the state in which the action is brought. § 1441(b)(2). Since the forum defendant rule bars removal only after a forum defendant has been served, non-forum defendants have used "snap removals" to circumvent the forum defendant rule by removing state cases to federal court before service on the forum defendants is effectuated. *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 942 (E.D. La. 2017). Although snap removals by non-forum defendants are a somewhat objectionable practice due to arguably circumventing Congress's intent, they have been upheld in this Circuit. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020). Thus, Indian Harbor's removal in this case was proper because Indian Harbor is a non-forum defendant that removed the case to federal court before the forum defendant, Defendant Doe, was served.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 5)** is **DENIED**.

New Orleans, Louisiana this 8th day of December, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3